UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-207 (JRT/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S |
| v. ) | CONSOLIDATED |
| ) | RESPONSE TO DEFENDANT'S |
| ROMELLE DARRYL SMITH, ) | PRETRIAL MOTIONS |
| ) | |
| Defendant. ) | |

On September 17, 2020, Defendant Romelle Darryl Smith was charged by indictment with one count of possessing a firearm as a felon and armed career criminal in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). [Doc. 1.] The charges stem from a traffic stop in which Mr. Smith was discovered with a handgun in his front pocket. *Id.* Below the government responds to Defendant's pretrial motions, Doc. Nos. 18-30.

## STANDARD DISCOVERY MOTIONS

A. Motion for Discovery [Doc. 18]

The government has and will continue to comply with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law. The government objects to several of Defendant's discovery requests to the extent they demand more of the government than the law requires.

B. Motion for Disclosure of Exculpatory Evidence [Doc. 19]

The government will comply with its discovery obligations under *Brady* and its progeny and will disclose any evidence favorable to Defendant.

C. <u>Motion For Discovery of Expert Under Rule 16(a)(1)(G) [Doc. 20]</u>

The government will comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The government proposed expert disclosure timing in its discovery motion. *See* Doc. 16 at 2.

D. <u>Motion For Early Disclosure of Jencks Act Material [Doc. 21]</u>

The Eighth Circuit has repeatedly held that the government cannot be compelled to produce Jencks Act material until after a witness has testified at trial on direct examination. *See, e.g., United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). Defendant's motion should therefore be denied. Notwithstanding the above, to streamline the case, the United States will provide the defense with all Jencks Act materials no later than three business days prior to trial; however, the government objects to the Court ordering the government to do so.

E. <u>Motion For Disclosure of 404(b) Evidence [Doc. 22]</u>

The government will comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will disclose any anticipated Rule 404(b) evidence within two weeks of trial. At this time, the government is not planning to offer any Rule 404(b) evidence.

F. <u>Motion To Disclose and Make Informants Available for Interview [Doc. 23]</u>

The government is not aware of any informants used in the investigation of Mr. Smith. To the extent the defense considers any of the government's witnesses "informants," the government will disclose the identities of these witnesses in keeping

with the practice of the trial judge. The government will comply with its discovery obligations under *Brady* and *Giglio* and will disclose any evidence favorable to Defendant.

G.  Motion For Government Agents To Retain Rough Notes [Doc. 24]

The government will instruct its officers and agents to retain their rough notes gathered in connection with the investigation until final disposition of the charges against Defendant.

H.  Motion For Grand Jury Transcripts [Doc. 25]

The government will produce the grand jury transcript of any witness it intends to call at the motions hearing or at trial but objects to producing the transcript in advance of the witness's testimony, except to the extent provided in the government's response to Defendant's Motion for Early Disclosure of Jencks Act Material.  The government has no objection to providing a copy of the grand jury transcript of any witness who testifies at the motions hearing and at trial provided the defense returns the copy of the transcript to government counsel at the conclusion of such proceedings.

I.  Motion For Participation By Counsel in Voir Dire [Doc. 26]

This motion is premature and should be submitted to Judge Tunheim prior to trial.  The government defers to the practice of the trial judge in determining the manner of voir dire.

J.  <u>Motion For Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 [Doc. 27]</u>

The government will comply with the notice requirements of Rule 807(b) of the Federal Rules of Evidence and will disclose any anticipated Rule 807 evidence no later than two weeks before trial.

K.  <u>Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [Doc. 29]</u>

The government is not aware of any electronic surveillance used in connection with the investigation of Defendant concerning the current charges. As such, this motion is moot.

## MOTIONS TO SUPPRESS

L.  <u>Motion To Suppress Statements, Admissions, and Answers [Doc. 28]</u>

After the filing of Smith's Rule 12 motions, counsel for the government requested specification of which statements Smith sought to suppress and the basis for suppression. Counsel represented that he is no longer moving to suppress any statements by Mr. Smith.

M.  <u>Motion To Suppress Evidence Derived From Search and Seizure [Doc. 30]</u>

Defendant is charged with unlawfully possessing a firearm on July 20, 2020. When police chased and stopped the car Mr. Smith was riding in that day and found him in possession of a gun, they reasonably believed Smith was the suspect in a shooting day earlier. Cell tracking data and visual surveillance supported the officers' reasonable belief that Smith was J.R., the person they wanted for shooting a man in the head in Powderhorn Park. Because the mistaken identity was reasonable and the

officers had ample probable cause (*a fortiori* reasonable suspicion) to stop the car based on the shooting investigation, there is no basis for suppression. *See, e.g., United States v. Phillips*, 679 F.3d 995, 998 (8th Cir. 2012); *United States v. Jerde*, 481 F. App'x 280, 283 n.2 (8th Cir. 2012); *United States v. Thomas*, 524 F.3d 855, 858 (8th Cir. 2008); *United States v. Barlow*, 308 F.3d 895, 898 (8th Cir. 2002); *United States v. Black-McCormick*, No. 12-00363-14-CR-W-DGK, 2014 WL 7005189, at *4 (W.D. Mo. Dec. 10, 2014); *United States v. Neemann*, 61 F. Supp. 2d 944, 951 (D. Neb. 1999).

The car in which Mr. Smith was riding on July 20, 2020, was lawfully stopped and Smith was lawfully searched for weapons. The evidence from that search is admissible at trial. Defendant cites no case law for a contrary position. Defendant's motion to suppress should be denied.

## CONCLUSION

WHEREFORE, the government asks this Honorable Court to enter an Order consistent with the government's responses.

Dated:   November 30, 2020          Respectfully submitted,

                                    ERICA H. MacDONALD
                                    United States Attorney
                                    *s/ Sarah Hudleston*
                                    BY: SARAH E. HUDLESTON
                                    Assistant United States Attorney
                                    Attorney ID No. 351489