UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-207 (JRT/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER FOR CONTINUED** |
| | ) | **DETENTION** |
| ROMELLE DARRYL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Romelle Darryl Smith is charged by indictment with one count of possessing a firearm as a felon and armed career criminal, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). The matter came before the Court on February 9, 2020, on Mr. Smith's motion to reopen detention pursuant to 18 U.S.C. § 3142(f)(2). Mr. Smith consented to appear at the hearing via videoconference, and he was represented by Glenn Bruder. The government was represented by Assistant U.S. Attorney Sarah Hudleston.

At his initial hearing, Mr. Smith waived the issue of detention based on a hold with the Minnesota Department of Corrections and pending criminal charges in Hennepin County. Mr. Smith reserved the right under § 3142(f)(2) to reopen his detention hearing if circumstances changed, and so moved on January 11, 2021. The Court found that the expiration of the DOC hold and Mr. Smith's possible ability to post bail in Hennepin County were changed circumstances sufficient to reopen detention and hold a second hearing.

After consideration of the Indictment, the Pretrial Services reports, the exhibits, the proffers and arguments of counsel, and the factors of 18 U.S.C. § 3142(g), the Court orders that Mr. Smith remain detained. The Court concludes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community if Mr. Smith is released pending trial. The Court further concludes by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Smith's appearance as required at future Court proceedings.

## FINDINGS OF FACT

In 2016 Mr. Smith was convicted of Second-Degree Dangerous Weapon-Substantial Bodily Harm for shooting the victim in the stomach after an argument. Since that time, Mr. Smith has displayed a relentless pattern of violations of and failures to comply with his conditions of release. Through 2019 and 2020, before being arrested on the instant charges in July 2020, Mr. Smith was consistently non-compliant with the court's rules.  On several occasions during his release, Mr. Smith was placed in reentry chemical health programs and immediately absconded or failed to comply with the programming. Mr. Smith has a history of substance abuse, including probation violations for positive drug tests, but has not availed himself of these opportunities for treatment.  Instead he continued to amass warrants and arrests for new crimes.

Approximately five weeks after his release from prison for the 2016 Second-Degree Dangerous Weapon-Substantial Bodily Harm conviction, Mr. Smith was

arrested for receiving stolen property. Nine days later he was arrested for Gross Misdemeanor Possession of a BB gun and less than two months after that, in December 2019, he was arrested in Duluth, Minnesota and found to have an outstanding warrant. Mr. Smith was detained at this time and release on June 18, 2020.  Two days later he absconded from supervision and was arrested one month later, on July 20, 2020.  It is from this arrest that the instant charges arise.

There is a high probability that Mr. Smith will face a sentence under the ACCA and this creates a strong incentive to flee. Additionally, the bond reports note Mr. Smith's regular methamphetamine use. All of this is interwoven with Mr. Smith's very troubling criminal history involving firearms and the record compels a finding that detention is necessary.

## <u>CONCLUSIONS OF LAW</u>

Based on the foregoing and in consideration of the factors of 18 U.S.C. § 3142(g), the Court finds by the preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Mr. Smith as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community should Mr. Smith be released pending trial.

Accordingly, the defendant's motion for pretrial release is DENIED.

IT IS HEREBY ORDERED that:

1.     Mr. Smith remains committed to the custody of the United States Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     Mr. Smith shall be afforded reasonable opportunity to consult privately with his lawyer; and

3.     Upon order of the Court, the person in charge of the correctional facility in which Mr. Smith is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.


Dated:  February 11, 2021                    *s/ Katherine M. Menendez*
                                             KATHERINE M. MENENDEZ
                                             United States Magistrate Judge

4