UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-207 (JRT/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>ROMELLE DARRYL SMITH,<br><br>           Defendant. | PLEA AGREEMENT AND SENTENCING STIPULATIONS |

The United States of America and the defendant, Romelle Darryl Smith, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, charging the defendant with being a felon in possession of firearms as an Armed Career Criminal, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). In exchange for the defendant's guilty plea, the United States agrees it will not pursue charges for other suspected offenses of which it is currently aware.

2. **Factual Basis**. The defendant stipulates and agrees to the following facts and that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a.    On July 20, 2020, Minneapolis Police officers stopped the car in which



the defendant was riding. Believing that the defendant was the suspect in a shooting investigation, police ordered the defendant out of the car and asked if he had any weapons. The defendant stated that he had something in his pocket. From his right pants pocket officers removed a handgun, later identified as a Ruger LCP, serial number 371245666, with a Viridan laser attached ("the Ruger"). The police determined the defendant's identity and learned that although he was not the suspected shooter, he had an outstanding felony warrant and they took him into custody.

b.   The Ruger is a "firearm" as defined by federal law under 18 U.S.C. § 921(a)(3) and was manufactured outside the State of Minnesota. The Ruger therefore necessarily traveled in or affected interstate or foreign commerce prior to being in the defendant's possession on July 20, 2020, in Minnesota.

c.   The defendant admits that prior to July 20, 2020, he had been convicted of the crimes listed below and in Count 1 of the Indictment, each punishable by more than one year in prison. Specifically, the defendant has the following felony convictions:

| Crime | Jurisdiction of Conviction | Date of Conviction (in or about) |
|---|---|---|
| Vehicular Hijacking | Cook County, Illinois | February 2008 |
| Aggravated Vehicular Hijacking | Cook County, Illinois | December 2011 |
| Second Degree Assault | Hennepin County, Minnesota | January 2017 |

The defendant admits that prior to July 20, 2020, he knew he had previously been convicted of at least one crime punishable by more than one year in prison, and that he knowingly and voluntarily possessed the Ruger on July 20, 2020.

3. **Conditional Plea and Waiver of Pretrial Motions**. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the parties agree that the defendant is entering this guilty plea conditionally, and that the defendant reserves the right to appeal the District Court's denial of the defendant's Motion to Suppress Evidence Derived from Search and Seizure (ECF 30) and contingent Motion to Suppress Statements, Admissions and Answers (ECF 28). If the defendant prevails on appeal in this motion, the parties agree that he may withdraw his plea of guilty. As to all other pretrial motions filed by the defendant, the defendant knowingly, willingly and voluntarily waives his right to appeal the District Court's rulings on such motions and gives up the right to file any additional pretrial motions.

4. **Waiver of Constitutional Rights**. The defendant understands that the defendant has the right to plead not guilty and to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if

necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

5. **Statutory Penalties**. (a) The government believes that the defendant is subject to enhanced sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). If the Court agrees, Count 1 of the Indictment carries the following statutory penalties:

1. a maximum term of life imprisonment;
2. a mandatory-minimum term of 15 years' imprisonment (18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1));
3. a supervised release term of not more than 5 years (18 U.S.C. § 3583(b)(1));
4. a fine of up to $250,000 (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and
5. a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)).

(b) The defendant believes that he is not subject to the ACCA. If the Court agrees, Count 1 of the Indictment carries the following statutory penalties:

1. a maximum term of 10 years' imprisonment;
2. a supervised-release term of not more than 3 years (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));
3. a fine of up to $250,000 (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and
4. a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)).

In either case, whether the defendant is or is not subject to the ACCA, neither party will be able to withdraw from this Plea Agreement on that ground.

6. **Guidelines Calculations**. The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. Nothing in this plea agreement limits the parties from presenting any relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following Guidelines calculations:

    a. **Base Offense Level**. If the defendant is subject to an enhanced sentence under the ACCA, the government believes that the base offense level is 34 because the defendant possessed the firearm in connection with a controlled substance offense. USSG § 4B1.4(b)(3)(A). If the defendant is not subject to an enhanced sentence under the ACCA, the parties agree that the base offense level is 24 because the defendant committed the instant offense after incurring at least two felony convictions of a crime of violence. USSG § 2K2.1(a)(2)

    b. **Specific Offense Characteristics**. The parties agree that if the defendant is subject to the ACCA, no specific offense characteristics or adjustments apply. The parties also agree that if the base offense level is not determined by USSG § 4B1.4(b), the parties will be free to argue for or against the application of specific offense characteristics or adjustments at sentencing.

    c. **Chapter Three Adjustments**. The parties agree that if the base offense level is determined by USSG § 4B1.4(b), no Chapter Three adjustments apply other than as provided for in Paragraph 6.d. below for acceptance of responsibility. The parties also agree that if the base offense level is not determined by USSG § 4B1.4(b), the parties will be free to argue for or against the application of specific Chapter Three adjustments (other than acceptance of responsibility) at sentencing.

d.  **Acceptance of Responsibility**.  The parties agree that if and only if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b).  The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e.  **Criminal History Category**. The government believes the defendant is criminal history category VI pursuant to USSG § 4B1.4(b)(3)(c)(2), because he is subject to the ACCA and possessed the firearm in connection with a controlled substance offense. If the defendant is not subject to the ACCA, based on the information currently available, the parties believe the defendant has a criminal history category of V.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.  The final determination of the defendant's criminal history category will not provide either party a basis to withdraw from the plea agreement.

f.  **Guidelines Range**.  If the total offense level is 31 (34-3), and the criminal history category is VI, the advisory Guidelines range is 188-235 months' imprisonment. USSG § 5G1.1. If the total offense level is 21 (24-3), and the criminal history category is V, the advisory Guidelines range is 70 to 87 months' imprisonment.

g.  **Fine Range**. If the total offense level is 31, the applicable fine range is $30,000 to $250,000. If the total offense level is 21, the applicable fine range is at least $15,000 to $150,000. USSG § 5E1.2(c)(3).

h.  **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at the time of sentencing.

i.  **Supervised Release**.  If the ACCA applies, the Guidelines provide a supervised release term of at least 2 years but not more than 5 years.

USSG § 5D1.2(a)(1). If the ACCA does not apply, the Guidelines provide a supervised release term of at least 1 year but not more than 3 years. USSG § 5D1.2(a)(2).

j.  **Sentencing Recommendation and Departures**. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable advisory Guidelines range, subject to any mandatory minimum sentence.

7.  **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines, except that the Court may not depart below the mandatory-minimum sentence of 180 months if it determines the defendant is subject to the ACCA. If the Court determines the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, neither party may withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8.  **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees the $100 special assessment is due and payable at sentencing.

9. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

10. **Forfeitures.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearm and associated accessories and ammunition: Ruger LCP, serial number 371245666, with a Viridan laser attached. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. He waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

11. **Waiver of Freedom of Information Act and Privacy Act.** The defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Waivers of Appeal and Collateral Attack.** The parties understand that 18 U.S.C. § 3742 affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the sentence exceeds 15 years'

imprisonment. Additionally, notwithstanding the foregoing waiver, the defendant retains the right to appeal a decision finding the ACCA applies to his sentence. The United States waives the right to appeal the defendant's sentence unless it is less than 15 years' imprisonment. The defendant waives the right to petition under 28 U.S.C. § 2255 for any claim other than the issue of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily

  13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 12.13.21

CHARLES J. KOVATS, Jr.
Acting United States Attorney

*Sarah Hudleston*
BY: SARAH E. HUDLESTON
Assistant United States Attorney

Dated: 12-14-21

*Romelle Smith*
ROMELLE D. SMITH
Defendant

Dated: 12/14/2021

GLENN P. BRUDER, ESQ.
Attorney for Defendant