UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROMELLE DARRYL SMITH,<br><br>Defendant. | Criminal No. 20-207(1) (JRT/DTS)<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION |

Craig R. Baune and William C. Mattessich, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Romelle Darryl Smith, Register Number 22638-041, USP Coleman II, U.S. Penitentiary, P.O. Box 1034, Coleman, FL, 33521, *pro se* Defendant.

Defendant Romelle Darryl Smith, who is currently serving a 180-month sentence after pleading guilty to being a felon in possession of a firearm with the armed career criminal enhancement, moves to vacate his sentence under 28 U.S.C. § 2255. He also seeks an evidentiary hearing and assistance of counsel for his § 2255 motion. Because Smith is not entitled to assistance of counsel on post-conviction proceedings and his stated grounds do not warrant § 2255 relief, the Court will deny Smith's motions.

## BACKGROUND

**I.   FACTS**

In July 2020, a Minneapolis police officer began investigating a shooting that had taken place earlier that month and came to suspect that Jamichael Ramey—a man known to law enforcement—had committed the shooting. *United States v. Smith*, 76 F.4th 1134, 1135 (8th Cir. 2023). A confidential reliable informant ("CRI") provided the officer with a phone number that was believed to be Ramey's. *Id.* at 1136. The officer sought and obtained a warrant to begin tracking the cell phone's GPS tracking information and put together a written plan to arrest Ramey. *Id.* The officer's plan described Ramey as a Black man, 5'11" tall, and weighing 172 pounds. *Id.*

Officers tracked the cell phone to a building in Minneapolis and began surveillance. *Id.* While surveilling the building from a distance through partially obscured vantage points, the officers perceived a Black man who they believed to be Ramey enter the passenger seat of a nearby vehicle and drive away. *Id.* The officers followed suit, as the GPS tracking information indicated that the cell phone was in the vehicle, which led the officers to believe that Ramey was also in the vehicle. *Id.*

After stopping the vehicle, the officers quickly learned that the man they believed to be Ramey was actually Smith. *Id.* Smith acknowledged that he was carrying a firearm, and investigators later discovered that Smith was a convicted felon. *Id.* Officers also discovered that the cell phone the officers were tracking actually belonged to an associate of Ramey's, who was driving the car. *Id.*

## II. PROCEDURAL HISTORY

Smith was federally indicted as a felon in possession of a firearm with the armed career criminal enhancement. (Indictment, Sept. 17, 2020, Docket No. 1.) The Indictment included three of Smith's prior convictions as Armed Career Criminal Act ("ACCA") predicates: (1) a January 2017 Minnesota conviction for second-degree assault; (2) a December 2011 Illinois conviction for aggravated vehicular hijacking; and (3) a February 2008 Illinois conviction for vehicular hijacking. (*Id.* at 1.)

Smith moved to suppress evidence obtained as a direct consequence of the traffic stop, arguing that (1) the government did not present sufficient evidence to show that the police were justified in relying on the information provided by the CRI, and therefore (2) the primary basis for the investigative stop was the racial similarities between Smith and Ramey. The Court denied the motions to suppress, finding that the United States sufficiently showed the reliability of the CRI's information and that the police reasonably believed the phone they were tracking was Ramey's, such that the primary reason for the seizure was not Smith's race. *United States v. Smith*, No. 20-207, 2021 WL 5150326, at *3–4 (D. Minn. Nov. 5, 2021). Smith entered a conditional plea of guilty so that he could later appeal the denial of his motion to suppress. (Plea Agreement ¶ 3, Dec. 14, 2021, Docket No. 89.) He also contested whether the ACCA enhancement applied. (*Id.* ¶ 6.)

At sentencing, the Court found that Smith's prior convictions qualified as predicate offenses for the application of the ACCA enhancement and sentenced Smith to the

statutory minimum term of 180 months' imprisonment. (Sentencing Tr. at 4:10–5:06, Sept. 26, 2022, Docket No. 128; Am. Sentencing J., Sept. 13, 2022, Docket No. 124.)

Smith appealed his sentence to the Eighth Circuit, arguing (1) that the officers lacked reasonable suspicion to think that Ramey was in the vehicle, and (2) that his 2008 and 2011 prior convictions were not convictions for a violent felony to trigger the ACCA enhancement. *Smith*, 76 F.4th at 1137–38. The Eighth Circuit rejected Smith's arguments and affirmed Smith's sentence. *Id.* at 1138.

One year later, Smith filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Def.'s Mot. Vacate, Sept. 3, 2024, Docket No. 151.) He supplemented his motion with a "Motion Habeas of Corpus of a Writ" and a motion of appearance. (Def.'s Mot. Habeas of Corpus, May 8, 2025, Docket No. 170; Def.'s Mot. of Appearance, Apr. 11, 2025, Docket No. 164.) In addition, Smith filed three motions to appoint counsel to assist with his § 2255 motion. (Def.'s Mot. Appoint Counsel, Oct. 22, 2024, Docket No. 154; Def.'s Mot. Hear & Rule on Pending for Assistance of Counsel, Jan. 6, 2025, Docket No. 156; Def.'s Mot. Appoint Counsel, May 8, 2025, Docket No. 171.)

## DISCUSSION

### I. MOTIONS FOR ASSISTANCE OF COUNSEL

Smith moves for assistance of counsel on his § 2255 motion, writing that without assistance of counsel he will be prejudiced given his lack of legal education and the limited availability he has while incarcerated to investigate and research his motion. While the Court sympathizes with Smith's plight, there is no federal constitutional right to counsel


in post-conviction proceedings. *See United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants."); *cf. Christenson v. Ault*, 598 F.3d 990, 995 (8th Cir. 2010) ("[T]here is no federal constitutional right to the effective assistance of post-conviction counsel."). Smith's § 2255 motion constitutes a post-conviction proceeding. *See Craycraft*, 167 F.3d at 455 (dismissing argument that criminal defendant was entitled to counsel for his § 2255 motion). Accordingly, Smith is not entitled to assistance of counsel. Because Smith is not entitled to assistance of counsel on his § 2255 motion, the Court will deny Smith's motions for assistance of counsel.

## II.   MOTIONS TO VACATE

### A.   Standard of Review

Section 2255 allows a federal prisoner an opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). As the movant,

Smith bears the burden to show that his sentence must be vacated. *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

**B.     Analysis**

Smith contends that § 2255 relief is warranted for four reasons. None of the reasons justify § 2255 relief.

First, Smith contends that the officers lacked reasonable suspicion to stop him and that the stop was improperly based on racial profiling. This argument fails because it was previously raised and decided on direct appeal. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam) (citing *Anderson v. United States*, 619 F.2d 772, 773 (8th Cir. 1980)); *see also Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). The Eighth Circuit already considered and rejected Smith's contention that the officers lacked reasonable suspicion to stop him and that the stop was based on racial profiling. *See Smith*, 76 F.4th at 1137. In fact, Smith concedes as such in his § 2255 motion. (*See* Def.'s Mot. Vacate at 4–5.) Indeed, the Eighth Circuit concluded that "the totality of the circumstances provided the officers with a reasonable, articulable basis to believe that Ramey was in the car that they stopped," and that the officers' belief that Smith was Ramey from their partially obscured vantage points was reasonable, even if mistaken. *Smith*, 76 F.4th at 1137. Because the validity of the stop was raised and decided on direct appeal, it is procedurally barred and cannot supply a basis for § 2255 relief.

Second, Smith argues that his 2017 conviction for second-degree assault "no longer qualifies as a predicate for the ACCA enhancement." (Def.'s Mot. Vacate at 5.) He does not provide any legal citations to explain why but writes that "[t]he laws have changed post conviction." (*Id.* at 10.) This argument similarly fails. Smith failed to raise this argument on direct appeal, and thus procedurally defaulted this argument. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Yet even if Smith had raised the argument, the 2017 conviction still qualifies as a predicate for the ACCA enhancement. The ACCA's 15-year minimum sentencing enhancement applies when (1) a defendant violates 18 U.S.C. § 922(g)—which includes felon in possession of a firearm—and (2) has three previous convictions for a violent felony and/or serious drug offense. 18 U.S.C. § 924(e)(1). A "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). In 2016, the Eighth Circuit held that "second-degree assault under Minn. Stat. § 609.222 requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for ACCA purposes." *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016). Smith has not cited—nor has the Court found—newer binding precedent calling *Lindsey*'s holding into question since Smith's 2022 conviction in this case. The Court thus finds Smith's argument that his 2017 conviction no longer qualifies

as a predicate for the ACCA enhancement to be without merit, and, accordingly, insufficient to supply a basis for § 2255 relief.

Third, Smith claims that his 2008 and 2011 prior convictions "are no longer predicates" for the ACCA enhancement because they are over ten years old and therefore suffer from "staleness" under the "amended guidelines." (Def.'s Mot. Vacate at 7.) Smith does not provide any legal citations in support of this argument. Similar to above, Smith failed to raise this argument on direct appeal, and thus procedurally defaulted this claim. *Bousley*, 523 U.S. at 622. Even if he had, however, the ACCA does not provide a timeframe for how long a previous conviction for a violent felony and/or serious drug offense is relevant for application of the ACCA enhancement. *See* 18 U.S.C. § 924(e)(1). There is thus no explicit timeframe after which such convictions become too "stale" to apply for purposes of the enhancement. Accordingly, the Court finds that Smith's 2008 and 2011 prior convictions are still predicates for the ACCA enhancement, such that Smith's staleness argument cannot serve as a basis for § 2255 relief.

Fourth, Smith brings a claim for ineffective assistance of counsel based on three grounds: (1) he advised his attorney to file a motion to dismiss the charge against him based on the police's admission that they did not witness Smith do anything illegal; (2) his attorney tried to coerce him into signing the plea agreement instead of going to trial; and (3) his attorney misled him to believe that he would receive a lesser sentence than he received.

Claims of ineffective assistance of counsel are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, Smith must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687. Counsel's performance is deficient if the "representation fell below an objective standard of reasonableness." *Id.* at 688. Courts are "highly deferential" when scrutinizing counsel's performance; there is a "strong presumption" of competence. *Id.* at 689. To show prejudice, "it is not enough to show a reasonable probability that the result of the trial would have been different absent the constitutionally deficient performance of counsel." *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993). Instead, Smith "must show that counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Id.*

Smith has not demonstrated ineffective assistance of counsel on any of his stated grounds. Even if Smith could demonstrate that his counsel's performance was deficient, he has not shown that he was prejudiced.

On his first ground for ineffective assistance, Smith has not demonstrated how a motion to dismiss the charges against him based on the police's admission that they did not see Smith do anything illegal would have changed the outcome. Smith's counsel challenged the stop in a pretrial motion to suppress, in objections to the Report and Recommendation recommending that the motion be denied, and on appeal. Yet the Eighth Circuit considered and rejected Smith's contention that the officers lacked

reasonable suspicion to stop him based on the totality of the circumstances given the information from the CRI, the cellphone tracking information, and the officers' reasonable yet mistaken belief that Smith was Ramey. *See Smith*, 76 F.4th at 1137. Whether or not the officers witnessed Smith do anything illegal before stopping him had nothing to do with the Eighth Circuit's conclusion. As such, Smith has not shown how any alleged failure by his counsel to file a motion to dismiss based on the police's alleged admission that they did not witness him do anything illegal prejudiced him.

On his second ground for ineffective assistance, Smith has not demonstrated that any alleged coercion by his counsel to sign the plea agreement instead of going to trial prejudiced him. A guilty plea must be knowing and voluntary. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). If a guilty plea is "induced by promises or threats which deprive it of the character of a voluntary act, [it] is void." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). But Smith's claim that his attorney coerced him into entering a guilty plea is merely conclusory and contradicted by the record. *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995). Smith asserted during the change-of-plea hearing before the Court that he understood the charge against him and that he faced a mandatory minimum of 15 years with the ACCA enhancement; he also stated that he voluntarily entered the guilty plea without coercion. Absent any evidentiary support weighing against the record evidence, any alleged coercion is insufficient to support § 2255 relief. *Id.*

Finally, on his third ground for ineffective assistance, Smith has not shown prejudice based on any alleged misinformation given by his counsel that he would receive a lesser sentence if he went to trial. Critically, he has not demonstrated that he would have gone to trial if he had been more informed about the sentencing implications of his guilty plea. *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017). Nor has he demonstrated a substantial likelihood that his sentence would have been less than the mandatory minimum 15 years' imprisonment that he received if he had gone to trial. The Court could not sentence Smith to less than the 15-year mandatory minimum if Smith was found guilty by a jury, and Smith did not demonstrate, for example, that his counsel failed to discover potentially exculpatory evidence that would have changed the counsel's recommendation as to the plea. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any alleged misinformation about the sentencing implications of Smith's guilty plea is thus insufficient to support § 2255 relief.

In sum, none of Smith's grounds warrant granting his motion to vacate under § 2255, and, accordingly, the Court will deny the motion. Because the Court liberally construes Smith's habeas motion as a supplemental § 2255 motion, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will deny that motion as well.

### C. Evidentiary Hearing

The Court liberally construes Smith's motion for appearance as a request for an evidentiary hearing. *See Erickson*, 551 U.S. at 94. A movant is entitled to an evidentiary hearing on a § 2255 motion unless the "claim is inadequate on its face or if the record

affirmatively refutes the factual assertions upon which it is based." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). The Court has concluded that each argument raised by Smith in his § 2255 motion is either contradicted by the record or insufficient to demonstrate ineffective assistance of counsel. *See Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (affirming denial of evidentiary hearing for § 2255 motion based on ineffective assistance of counsel for lack of credible, non-conclusory evidence). Accordingly, no evidentiary hearing is necessary, and Smith's motion for appearance will be denied.

### D.     Certificate of Appealability

A court may grant a certificate of appealability of a § 2255 motion only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve the issues differently," or the case must "deserve further proceedings." *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised by Smith's motion to vacate differently. Smith has failed to make the required substantial showing of the denial of a constitutional right such that the Court will not issue a certificate of appealability.

## CONCLUSION

Smith moves to vacate his 15-year sentence on various grounds under 28 U.S.C. § 2255 and seeks assistance of counsel. Because Smith is not entitled to assistance of

counsel on post-conviction proceedings and none of Smith's alleged grounds justify relief under § 2255, the Court will deny the motions for assistance of counsel, motions to vacate, request for an evidentiary hearing, and a Certificate of Appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions for Assistance of Counsel [Docket Nos. 154, 156, 171] are **DENIED**;

2. Defendant's Motion of Appearance [Docket No. 164] is **DENIED**;

3. Defendant's Motion to Vacate Under 28 U.S.C. § 2255 [Docket No. 151] and Motion of Habeas of Corpus of a Writ [Docket No. 170] are **DENIED**; and

4. No Certificate of Appealability is issued.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: September 12, 2025              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                        United States District Judge